**UNITED STATES DISTRICT COURT**
**DISTRICT OF CONNECTICUT**

| | |
|---|---|
| RICHARD MUELLER,<br><br>                    Plaintiff,<br><br>    v.<br><br>JPMORGAN CHASE BANK, N.A.,<br><br>                  Defendant. | Civil Action No. 3:15-cv-00052-AWT |

**FORM 26(f) REPORT OF PARTIES' PLANNING MEETING**

Date Complaint Filed: December 18, 2014

Date Complaint Served: December 12, 2014

Case Removed to U.S. District Court for the District of Connecticut:  January 12, 2015

Date of Defendant's Appearance: January 15, 2015

Date of Defendant's Response to Complaint:

      Answer filed on January 20, 2015

Pursuant to Fed. R. Civ. P. 16(b), 26(f) and D. Conn. L. Civ. R. 16, a conference was held on February 12, 2015. The participants were:

      Maria Garcia Quintner of the Law Offices of Lewis Chimes LLC for plaintiff Richard Mueller and Gina Merrill of Seyfarth Shaw LLP for defendant JPMorgan Chase Bank, N.A.

## I. Certification

Undersigned counsel certify that, after consultation with their clients, they have discussed the nature and basis of the parties' claims and defenses and any possibilities for achieving a prompt settlement or other resolution of the case and, in consultation with their clients, have developed the following proposed case management plan. Counsel further certify that they have forwarded a copy of this report to their clients.

## II. Jurisdiction

A. Subject Matter Jurisdiction

Subject matter jurisdiction is conferred on this Court pursuant 28 U.S.C. § 1332 as the parties are citizens of different states and the matter in controversy exceeds the sum or value of $75,000.

B. Personal Jurisdiction

Personal Jurisdiction is not contested.

## III. Brief Description of Case

The plaintiff and the defendant have outlined their claims and defenses separately and independently and neither adopts nor agrees to the statement of the other.

A. Claims of Plaintiffs:

This is an action by Plaintiff Richard Mueller, a former Financial Advisor against JP Morgan Chase. Plaintiff alleges that he was wrongfully terminated from his position at JP Morgan Chase in violation of state laws prohibiting discrimination on the basis of age. Plaintiff also asserts claims for breach of contract and breach of the covenant of good faith and fair dealing related to Chase's breach of its obligations under the Performance Improvement Plan.

Plaintiff asserts the following claims as to defendant JP Morgan Chase:

19059973v.1

Count 1- Violation of the Connecticut Fair Employment Practices Act, C.G.S. § 46a-58(a) and

46a-60(a)(1)

Count 2- Breach of Contract

Count 3- Breach of the Covenant of Good Faith and Fair Dealing

B.  Defenses and Claims (Counterclaims, Third Party Claims, Cross Claims) of Defendant:

Defendant denies Plaintiff's claims in their entirety.  Plaintiff, a former financial advisor with

J.P. Morgan Securities LLC, was terminated from his employment for legitimate and

nondiscriminatory reasons, namely, his poor performance.  Plaintiff's manager attempted to

improve Plaintiff's performance through the issuance of a Performance Improvement Plan ("PIP"),

but Plaintiff was unsuccessful in meeting the goals set forth in the PIP.  In any event, the PIP was

not a contract, and Plaintiff's allegations to the contrary are unsupported.

C.  Defenses and Claims of Third Party Defendant/s: Statement of Undisputed Facts:

Not applicable

**IV. Material Facts**

Counsel certify that they have made a good faith attempt to determine whether there are

any material facts that are not in dispute.  The following material facts are not in dispute:

The facts that defendant admitted to in its answer to plaintiff's complaint.

Plaintiff was terminated from his position as financial advisor on May 23, 2013.

**V.  Case Management Plan**

A.  Standing Order on Scheduling in Civil Cases

The parties request modification of the deadlines in the Standing Order on Scheduling in Civil

Cases as set forth in **sections V(E), (F) and (G)** below:

19059973v.1

B.  Scheduling Conference with the Court

The parties do not request a pretrial conference with the Court before entry of a scheduling order pursuant to Fed. R. Civ. P. 16(b). If such a conference is scheduled, the parties prefer a telephone conference.

C.  Early Settlement Conference

1.      The parties certify that they have considered the desirability of attempting to settle the case before undertaking significant discovery or motion practice.  If there comes a time that the parties deem a settlement conference to be beneficial, they will inform the Court.

2.      The parties do not request a referral for alternative dispute resolution pursuant to D. Conn. L. Civ. R. 16.

D.  Joinder of Parties and Amendment of Pleadings

Not contemplated.

E.  Discovery

1.      The parties are proceeding under this Court's initial discovery protocols and have agreed to extend the deadline for the exchange of initial discovery by 30 days, *i.e.*, until March 23, 2015.

2.      The parties anticipate that discovery will be needed on the following subjects:

a.      the individual claims asserted by the plaintiff and the alleged damages suffered by the plaintiff, and defendant's defenses to these claims.

3.      All discovery, including depositions of expert witnesses pursuant to Fed. R. Civ. P. 26(b)(4), will be completed (not propounded) by November 3, 2015.

4.      Discovery will not be conducted in phases.

19059973v.1

5.      The parties anticipate that they will take depositions of fact witnesses. Plaintiff anticipates he will take 2-3 fact depositions.  Defendant anticipates deposing 1-3 fact witnesses.  Fact witness depositions will be completed by October 1, 2015.

6.      The parties may request permission to serve more than 25 interrogatories, if necessary.

7.      Plaintiff may call expert witnesses at trial.  Plaintiff will designate all trial experts and provide opposing counsel with expert witness reports pursuant to Fed. R. Civ. P. 26(a)(2) by September 1, 2015. Depositions of any such experts will be completed by September 22, 2015.

8.      Defendants may call expert witnesses at trial. Defendants will designate all trial experts and provide opposing counsel with expert witness reports pursuant to Fed. R. Civ. P. 26(a)(2) by October 13, 2015. Depositions of any such experts will be completed by November 3, 2015.

9.      A damages analysis will be provided by any party who has a claim or counterclaim for damages by May 1, 2015.

10.     Undersigned counsel have discussed the disclosure and preservation of electronically stored information, including, but not limited to, the form in which such data shall be produced, search terms to be applied in connection with the retrieval and production of such information, the location and format of electronically stored information, appropriate steps to preserve electronically stored information, and the allocation of costs of assembling and producing such information. The parties agree to the following procedures for the preservation, disclosure and management of electronically stored information:

19059973v.1

a.      Electronically stored information that is non-privileged, discoverable and responsive to a discovery request shall be produced in printed form or as a PDF, or as otherwise agreed by the parties with respect to particular ESI.

b.      The parties do not presently expect the costs of assembling and producing electronically stored information to be prohibitive, and therefore presently expect to bear their own costs of such production. If the circumstances underlying this expectation change during the course of discovery, the parties agree to meet and confer before seeking the Court's intervention.

11.      The undersigned counsel have discussed discovery procedures that minimize the risk of waiver of privilege or work-product protection, including procedures for asserting privilege claims after production.  As soon as practicable after a claim of privilege or protection as trial-preparation material arises or is identified after production, the party claiming such privilege shall notify the opposing party in writing, including identification of the claimed document(s) by Bates Stamp number, if any, the basis for such claim of privilege or protection, and all other information required for a privilege log under the applicable Rules, without waiving such privilege or protection.  If the parties agree as to the privilege or protection, the non-disclosing party shall immediately return all copies (electronic and paper) to the producing party or otherwise agree and certify as to its destruction.  If the parties do not agree as to the claim of privilege, the claimed documents shall be segregated from all other materials and within fourteen (14) days of the communicated claim of privilege shall be filed under seal with a motion for in camera review.   A party's failure to move for in camera review within the agreed time-frame shall constitute agreement to the claim of privilege or protection.

F. Dispositive Motions

Dispositive motions will be filed by December 14, 2015.

G. Joint Trial Memorandum

The joint trial memorandum required by the Standing Order on Trial Memoranda in Civil Cases will be filed within forty-five (45) days after the completion of discovery if no dispositive motion is filed or forty-five (45) days after a decision on any dispositive motion, whichever is later.

## VI.   Trial Readiness

The case will be ready for trial thirty (30) days after the filing of the Joint Trial Memorandum.

As officers of the Court, undersigned counsel agree to cooperate with each other and the Court to promote the just, speedy and inexpensive determination of this action.

Dated:  February 24, 2015                        RESPECTFULLY SUBMITTED,
                                                 THE PLAINTIFF


                                        By: ___/s/ *Maria Garcia Quintner*_____
                                             Maria Garcia Quintner, Esq.
                                             *Juris No. ct27568*
                                             Law Office of Lewis H. Chimes LLC
                                             45 Franklin Street, Stamford, CT 06901
                                             Telephone.: (203) 324-7744
                                             Facsimile: (203) 969-1319
                                             mquintner@chimeslaw.com

19059973v.1

JPMORGAN CHASE BANK, N.A.


By:      /s/ *William J. Hanlon*
William J. Hanlon, Esq.
Seyfarth Shaw LLP
2 Seaport Lane, Suite 300
Boston, MA 02210
Telephone:  (617) 946-4800
Facsimile:  (617) 946-4801
whanlon@seyfarth.com

Robert S. Whitman, Esq. (*application pending*)
Gina R. Merrill, Esq. (*application pending*)
Seyfarth Shaw LLP
620 Eighth Avenue
New York, New York 10018
Telephone:  (212) 218-5500
Facsimile:  (212) 218-5526
rwhitman@seyfarth.com
gmerrill@seyfarth.com


## CERTIFICATE OF SERVICE

I hereby certify that on this 24th day of February, 2015, a copy of the foregoing Form 26(f) Report of Parties' Planning Meeting was filed electronically and served by mail on anyone unable to accept electronic filing.  Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing.  Parties may access this filing through the Court's CM/ECF System.

/s/ *William J. Hanlon*
William J. Hanlon

19059973v.1